UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | : | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No.** |
| | : | |
| v. | : | Violation: |
| | : | |
| | : | 18 U.S.C. § 1343 (Wire Fraud) |
| **MARIA HERRMANN,** | : | |
| | : | Forfeiture: |
| | : | 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § |
| | : | 2461(c), 21 U.S.C. § 853(p) |
| **Defendant.** | : | |
| | : | |
| _____ | : | |

## INFORMATION

The United States Attorney charges that, at all times relevant to this Information:

### COUNT ONE
### Wire Fraud, 18 U.S.C. § 1343

#### Relevant Entities and Individuals

1. Maria Herrmann ("HERRMANN") was a resident of Washington, D.C.

2. Charitable Foundation A and its successor entities (collectively, the "Foundation") was a non-profit charitable organization that promoted civic engagement. The Foundation had offices located in Washington, D.C.

#### The Scheme and Artifice

3. Beginning no later than in or about May 2004, and continuing through in or about June 2008, HERRMANN knowingly and willfully devised and intended to devise an unlawful scheme to defraud the Foundation, and to obtain money and property of the Foundation by means of materially false and fraudulent pretenses, representations, and promises.

1

**Manner and Means**

4.      It was part of HERRMANN's scheme that HERRMANN would and did embezzle money from the Foundation for her personal use and benefit through various means, including (a) by sending wires and electronic fund transfers ("EFTs") from a PayPal account in the name of the Foundation (the "Foundation PayPal Account") to HERRMANN's personal bank account and personal PayPal accounts, (b) by using a credit/debit card issued in the Foundation's name associated with the Foundation PayPal Account controlled by HERRMANN (the "PayPal Credit Card") to make unauthorized purchases for the personal use and benefit of HERRMANN and her relatives, and (c) by using the PayPal Credit Card to purchase U.S. Postal Service money orders, which HERRMANN then deposited in her personal bank account for her personal use and benefit.

5.      It was further part of HERRMANN's scheme that HERRMANN would and did cause the balance on the PayPal Credit Card to be paid from the Foundation PayPal Account, thereby paying for HERRMANN's unauthorized purchases with the Foundation's funds.

6.      It was further part of HERRMANN's scheme that HERRMANN would and did conceal her embezzlement by, among other things, making false and fraudulent representations to the Foundation on HERRMANN's periodic monthly reports about the E-Store's gross and net revenue.  Among other things, HERRMANN disguised her embezzlement by underreporting the E-Store's revenue to the Foundation.

**Wire In Furtherance of the Scheme and Artifice**

7.      On or about June 24, 2008, in the District of Columbia and elsewhere, defendant MARIA HERRMANN, in furtherance of and for the purpose of executing the scheme described

above, and attempting to do so, did knowingly transmit and caused to be transmitted by means of wire communication in interstate commerce the following signals and sounds, that is, a $9,000 wire transfer of funds from the Foundation PayPal Account to MARIA HERRMAN's personal PayPal account, all in violation of Section 1343 of Title 18 of the United States Code.

**(Wire Fraud, in violation of 18 U.S.C. § 1343)**

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will seek a forfeiture money judgment against the defendant in the amount of $193,770.78.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p))**

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY

BY: /s/ Ronald C. Machen Jr. /JPH
Jonathan P. Hooks, D.C. Bar # 468570
ASSISTANT U.S. ATTORNEY
Fraud & Public Corruption Section
555 Fourth Street, N.W., Room 5384
Washington, D.C. 20530
(202) 252-6731
Jonathan.Hooks@usdoj.gov

DATED: May 8, 2014